UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DARLENE HINSON et al.,** | : |
| **Plaintiffs,** | : |
| v. | : Civ. No. 07-0934(CKK) |
| **MERRIT EDUCATIONAL CENTER, et al.,** | : |
| **Defendants.** | : |

## DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT

The Defendants, by counsel, hereby move, pursuant to Fed. P. Civ. R. 12(b)(6), for partial dismissal of Plaintiffs' Complaint, for their failure to state a claim against Defendants for which relief may be granted.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov

June 14, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE HINSON et al.,** : | |
| Plaintiffs, : | |
| v. : | Civ. No. 07-0934(CKK) |
| **MERRIT EDUCATIONAL CENTER, et al.,** : | |
| Defendants. : | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION FOR PARTIAL DISMISSAL**

**Preliminary Statement.**

On May 21, 2007, plaintiffs filed the instant lawsuit against the Merritt Educational Center, District of Columbia Public Schools, the District of Columbia and Mayor Adrian Fenty. Plaintiffs bring the complaint, *inter alia,* pursuant to 42 U.S.C. Sections 1983 and 1985, Title II of the Americans with Disability Act ("ADA") 42 U.S.C. Sec.1231 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C Sec. 701 *et seq.*, the Fifth Amendment of Constitution of the United States, and the Individual with Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec. 1400 *et. seq.* (Complaint par. 1)

Plaintiffs allege that the minor plaintiff does not have an appropriate Individualized Educational Plan or an appropriate school placement. (Complaint paragraphs 18, 19). Plaintiffs filed an administrative due process hearing request, but were denied the requested relief by a hearing officer, in a decision dated April 25, 2007. Plaintiffs are appealing that decision.

As shown below, however, Plaintiffs' complaint on its face is deficient as a matter of law in a number of regards, and must be dismissed in those respects.

## ARGUMENT

### I.    Standard of Review for Dismissal of Claims Pursuant to Fed. R. Civ. P. 12(B)(6)

In reviewing the sufficiency of claims pursuant to Fed. R. Civ. P. 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See Scheuer v. Rhodes*, 416 U.S.232, 236 (1974) (quoting *Conley v. Gibson*, 355 U.S. 41-56-46 (1957) and citing *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172 (1967)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Further, "a plaintiff's bare conclusion of law, or sweeping and unwarranted averment of fact, will not be deemed admitted" for purposes of a motion to dismiss, and the plaintiff only enjoys the "enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of the complaint. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

### II.   To the Extent the Complaint Asserts Rights under Section 1983, Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error. 42 U.S.C.§1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law,

Suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation. See e.g., *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 694 (1978); *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000).

As a threshold matter, Section 1983 cannot apply here because the Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation:

> (1) plaintiffs must prove by a preponderance of the evidence that DCPS violated one or more specific provisions of the IDEA; (2) plaintiffs must prove that exceptional circumstances exist, such that the conduct of DCPS that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3)…plaintiffs [must] establish that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; (4) plaintiffs must show why the normal remedies offered under the IDEA, and specifically compensatory education, are inadequate to compensate for the harm…suffered.

Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted). See also Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C., September 21, 2003); R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003). Plaintiffs' Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of the alleged IDEIA violations, or any reason why the "normal remedies" under the IDEIA would be inadequate.

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless

4

dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, *supra*, slip op. at 10. Among other things, the Court observed that "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006.) (slip op. at 10).

Other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements of a Section 1983 violation. Accordingly, any claims based on Section 1983 must be dismissed.

### III. Plaintiffs do not Have a Claim Under Section 504 of the Rehabilitation Act or Under the Americans With Disabilities Act.

Complaints arising under IDEA that also assert jurisdiction based upon the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute — intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., Consolidate Rail Corp. v. Darrone, 465 U.S. 624, 626, 104 S. Ct. 1248, 79 L. Ed. 2d 568 (1984) — is wholly irrelevant here. The Complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the complaint may be limited to administrative activities relating to "a free appropriate education" under IDEIA, the Supreme Court long ago made clear that IDEIA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA"), the Court stated:

> [T]here is no doubt that the remedies, rights and procedures Congress set out in

5

> the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Smith v. Robinson, 468 U.S. 992, 1019 (1974).

Even if Section 504 were deemed relevant, to state a claim under that statute, Plaintiffs must show that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. *See also* Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C., April 14, 2006,) slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEA, Plaintiffs must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEIA. Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)). Hence, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiffs' Complaint makes no mention of either bad faith or gross misjudgment — the standard for a claim under Section 504. However, even if Section 504 of the Rehabilitation Act were deemed applicable, Plaintiffs' Complaint fails properly to allege a claim as it lacks factual allegations essential to a cause of action under this statute. Accordingly, Plaintiff's failure to allege any facts or make any arguments whatsoever as to

6

their Rehabilitation Act claim must results in its dismissal.  See, <u>Lavon Savoy-Kelly v. Eastern High School</u>, *supra*, slip op. at 10.

The Americans With Disabilities Act ("ADA") is also concerned with discrimination in employment.  The ADA prohibits covered employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and priviliges of employment."  42 U.S.C Sec. 12112(a).

In order to make out a prima facie case under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [defendants] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position sought; and (4) that the [defendants] refused to make such accommodations."  *Mitchell v. Washingtonville Cent. Sch. Dist.,* 190 F.3d 1, 5 (2d Cir. 1999) (citing *Stone v. City of Mount Vernon,* 118 F.3d 92, 96-97 (2d Cir. 1997), *cert. denied,* 552 U.S. 1112 (1998).  This is not a case concerning employment discrimination, nor is there any mention of such in the Complaint, with the exception to the reference to the ADA.  Accordingly, any claims based on the ADA must be dismissed.

**IV.     <u>42 U.S.C 1985 is Inapplicable to the District of Columbia</u>**

42 U.S.C. Sec. 1985 sets forth a number of provisions delineating how an individual could be found liable for conspiracy to interfere with the civil rights of another.  In the first instance, the Complaint sets forth no allegations of conspiracy; not even the word "conspiracy" is mentioned.  Secondly, the District of Columbia cannot be liable for a violation of Sec. 1985 because, as a matter of law, a municipality acting in its sovereign

governmental capacity cannot be a conspirator. *Agnew v. City of Compton,* 239 F.2d 226, 233 (9th Cir. 1956), *cert denied,* 353 U.S. 959 (1957). Accordingly, any claims under 42 U.S.C. Sec. 1985 must be dismissed.

### V. Any Claims under the Fifth Amendment of the United States Constitution Must be Dismissed.

Plaintiffs claim for relief pursuant to the Fifth Amendment of the Constitution of the United States must also be dismissed. The Fifth Amendment provides that "no person shall…be deprived of life, liberty, or property without due process of law." Here, plaintiffs state in their Complaint that they requested a due process hearing, that one was held and a decision in that hearing was issued on April 25, 2007. (Complaint paragraphs 23-24) Thus, while plaintiffs may not agree with the hearing officer's decision, they were not denied due process of law.

### VI. Mayor Adrian Fenty should be dismissed as a defendant.

While plaintiffs name Mayor Adrian Fenty as a defendant in the case caption, there are no allegations of wrongdoing on his part in the body of the Complaint. (See Complaint, generally). Accordingly the Mayor must be dismissed as a defendant.

### V. The District of Columbia Public Schools is Non Sui Juris and must be dismissed.

Plaintiffs also name the District of Columbia Schools ("DCPS") and Merritt Educational Center as defendants in the case caption. However, both Merritt Educational Center, a District of Columbia public school, and the DCPS are *non sui juris*. It is well-established that a governmental entity, or one of its parts, may neither sue nor be sued in the absence of a statutory provision to that effect. *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Trifax Corp. v. District of Columbia,* 53 F. Supp.2d 20, 26 (D.D.C. 1999); *Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216-217 (D.C. 1978). As

8

the *Braxton* Court held, "A non corporate department or other body within a municipal corporation is not *sui juris*. Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities." *Braxton,* 396 A.2d at 216 (internal citations omitted); *see also Simmons v. D.C. Armory Bd.,* 656 A.2d 1155, 1156-57 (D.C. 1995); *Group Health Association v. D.C. General Hospital,* 540 A.2d 1101 (D.C. 1988); *Ray v. District of Columbia*, 535 A.2d 868, 870 n.2 (D.C. 1987); *Miller v. Spencer*, 330 A.2d 250, 251 n.1 (D.C. 1974); *Dunmore v. District of Columbia*, 662 A.2d 1356 (D.C. 1995); *Roberson v. District of Columbia Bd. of Higher Education*, 359 A.2d 28 (D.C. 1976). Since there is no legislation endowing the District of Columbia Public Schools with the capacity to sue or be sued, neither the District of Columbia Public Schools or Merritt Educational Center is a proper party to this suit. Rather, the District of Columbia is the only proper defendant.

## CONCLUSION

Plaintiffs' claims seeking relief pursuant to 42 U.S.C. Sections 1983 and 1985, Title II of the Americans with Disability Act, 42 U.S.C. 1231 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq., and the Fifth Amendment of the Constitution of the United States the must be dismissed because plaintiffs have failed to make allegations sufficient to establish a prima facie case. Mayor Fenty should be dismissed as a defendant because the Complaint contains no allegations of wrongdoing on his part, and defendants DCPS and Merritt Educational Center must be dismissed as *non sui juris.*

                                     Respectfully submitted,

                                     LINDA SINGER
                                     Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General, Civil Litigation Division

                /s/ Edward P. Taptich
                EDWARD P. TAPTICH [012914]
                Chief, Equity, Section 2

                /s/ Maria L. Merkowitz
                MARIA L. MERKOWITZ [312967]
                Senior Litigation Counsel
                441 4th Street, N.W.
                Sixth Floor South
                Washington, DC 20001
                (202) 442-9842
                E-mail – maria.merkowitz@dc.gov

June 14, 2007