UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darlene Hinson, mother<br>And next friend of the minor child,<br>NH<br>and<br><br>NH, minor child<br>5121 Fitch Street SE<br>Washington, DC 20019<br>        Plaintiffs<br><br><br><br>Merritt Educational Center<br>District of Columbia Public School<br><br>Government of the<br>District of Columbia<br>441 4th Street NW<br>Washington, DC 20001<br><br>And<br><br>Mayor Adrian Fenty<br>Office of the Secretary<br>Tabethea Braxton, designee<br>1350 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>        Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*CIVIL ACTION NO. 1:07 CV-00934 CKK<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## PLAINTIFFS REPLY TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT

Pursuant toFederal Rule of Civil Procedure Rule 7(b), Plaintiffs, Hinson and MH, through Counsel Olekanma Ekekwe request the Court to deniy Defendants' Motion to Dismiss.

In support of this reply, Plaintiffs state that Plaintiffs' Complaint was sufficient to sustain a cause of action. The District of Columbia is a "person" under 42 U.S.C. § 1985 which can be held liable for conspiring to violate an individual's civil rights.

A memorandum of point and authorities in support of Plaintiff's reply and proposed Order is attached.

1

Wherefore, Plaintiffs request the Court to Deny Defendants' motion to dismiss.

Respectfully Submitted<
Law Offices of Olekanma A. Ekekwe, PC

/s/ *Olekanma Ekekwe*
Olekanma A. Ekekwe, Esquire
D.C. Bar no.: 479967
Counsel for plaintiff
1001 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
202-742-6694

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the third day of July, 2007, a true and correct copy of the attached Plaintiffs' Reply to Defendants' Motion to Dismiss, Memorandum of facts and authorities and proposed Order were served in accordance with the electronic filing procedures on: Maria Merkowitz maria.erkowitz@dc.gov.

/s/*Olekanma Ekekwe*
Olekanma A. Ekekwe, Esquire

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darlene Hinson, mother <br> And next friend of the minor child, <br> NH <br> and <br><br> NH, minor child <br> 5121 Fitch Street SE <br> Washington, DC 20019 <br>     Plaintiffs <br><br><br><br><br> Merritt Educational Center <br> District of Columbia Public School <br><br> Government of the <br> District of Columbia <br> 441 4th Street NW <br> Washington, DC 20001 <br><br> And <br><br> Mayor Adrian Fenty <br> Office of the Secretary <br> Tabethea Braxton, designee <br> 1350 Pennsylvania Avenue, NW <br> Washington, DC 20004 <br>     Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *CIVIL ACTION NO. 1:07 CV-00934 CKK <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure Rule 7(b), Plaintiffs, Hinson and MH, through Counsel Olekanma Ekekwe request the Court to deniy Defendants' Motion to Dismiss.

**STATEMENT OF FACTS**

Plaintiff was a student attending Merritt EducationaL Center is a public school in the District of Columbia. Plaintiff is a resident of District of Columbia. Defendant is a

municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

NH is a twelve-year-old boy, special education with the classification of multiple disabilities in the area of other health impaired and emotional disturbed. NH is enrolled Merrit Educational center. NH has not received appropriate services since 2005/2006 school year to present. On November, 2003, the parties reached a settlement where DCPS agreed to comprehensively revaluate NH and develop individualize education plan (IEP), issue a notice of placement and provide compensatory services for period of time appropriate services were not provided to student. DCPS did not complete evaluation. Parent obtained independent evaluation submitted the independent evaluation to requested that DCPS convene multidisciplinary team meeting. DCPS took 14 months from the date of the settlement and 6 months from the date parent submitted evaluation before.

While waiting for DCPS to develop IEP, NH suffered several academic and behavioral difficulties. While waiting for DCPS to develop appropriate IEP, NH was hospitalized at a mental hospital. While waiting for DCPS to develop appropriate IEP, NH was also suspended several times or sent home without proper interventions. On February 20, 2007, DCPS developed an IEP that was not tailored to meet NH's educational and related service needs. Plaintiff, NH does not have appropriatet IEP. Plaintiff, NH does not have appropriate placement. Plaintiffs want DCPS to revise NH's IEP. Plaintiffs want DCPS to provide appropriate educational and related services to enable NH to become a productive member of the society. Plaintiffs want DCPS to issue a notice to an appropriate setting where NH' multiple disability would be addressed. Parent filed a due process hearing requests the hearing officer denied the relief that parent sought. Parent files this appeal to the decision of the hearing officer dated April 25, 2007

## ARGUMENTS

I. **Defendants have too narrowly defined the standard for review on a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted**

2

Plaintiffs' Complaint was sufficient to sustain a cause of action since, as Defendants have stated, the court "must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to plaintiff." Defendants' Motion for Partial Summary Judgment at 3. In Scheuer v. Rhodes, 416 U.S. 232, 236 (U.S. 1974), the court stated the following:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is . . . whether the claimant is entitled to offer evidence to support the claims. . . . [Whether] it may appear on the face of the pleadings that a recovery is very remote and unlikely . . . is not the test.

Defendant's cite Kowal v. MCI Communications Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994) for the proposition that courts need not accept unsupported inferences in a Complaint. The Kowal court also states that a "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." See Schuler v. United States, 617 F.2d at 608 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). Additionally, defendant . . . "may not succeed on such a motion if there are allegations in the complaint which, if proved, would provide a basis for recovery." Haynesworth v. Miller, 261 U.S. App. D.C. 66, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Plaintiffs' assertions are not unsupported or purely speculative. Several facts are asserted in the Complaint which entitles them to relief, such as the failure to comply with IDEA timelines for convening an IEP meeting to review evaluation assessments. Compl. at 12-13. Because of this, Defendants' Motion for Partial Dismissal should be denied.

## II.    Plaintiffs have asserted sufficient facts to sustain a claim under Section 1983 of the Civil Rights Act of 1871

3

Section 1983 of the Civil Rights Acts of 1871 holds persons liable for the deprivation of statutory rights. 42 U.S.C. § 1983. The Individual's with Disabilities Education Act of 2004 (IDEA) sets forth specific guidelines related to the suspension of students with identified and suspected disabilities. 34 C.F.R. §§ 300.530 and 300.534. Defendants have violated Plaintiffs' rights under the IDEA by persistently suspending Plaintiff, NH, from school without proper interventions.

Defendants claim that Plaintiffs' Complaint is facially deficient for failure to state a claim under Section 1983 and the four part test identified in Walker v. District of Columbia, 157 F.Supp. 2d 11, 20 (D.D.C. 2001). "The D.C. Circuit has not required a plaintiff to 'plead law or match facts to every element of a legal theory,'" R.S. v. District of Columbia, 292 F. Supp. 2d 23, 29 (D.D.C. 2003) (citing Sparrow v. United Air Lines, Inc., 342 U.S. App. D.C. 268, 216 F.3d 1111, 1115 (D.C. Cir. 2000)). "A complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (U.S. 2002), (citing Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)). Despite Defendants' claim that Plaintiffs' Complaint is deficient, courts have held that to be sustained Plaintiffs' Complaint only needs to meet this low threshold.

Plaintiffs' Complaint does include facts that evidence a custom of violating the IDEA by failing to properly conduct manifestation meetings or provide appropriate interventions prior to suspending a student with a known or suspected disability. Plaintiff, N.H. suffered numerous suspensions without proper intervention despite the fact that

4

Defendants were in the process of assessing him for special education services due to N.H.'s behavioral and academic difficulties. Because of this, Plaintiffs' claim under Section 1983 should be sustained.

### III. Defendants misstate the law regarding filing claims concurrently under IDEA and Section 504 of the Rehabilitation Act of 1974 and the Americans with Disabilities Act of 1990

Defendants cite Smith v. Robinson, 468 U.S. 992, 1019 (U.S. 1974) and contend that this case "made clear" that IDEA "supplanted any rights and remedies . . . earlier . . . found in the Rehabilitation Act." Defendants have failed to cite the prevailing law in this area, as Smith v. Robinson was superseded by R.S. v. District of Columbia. Furthermore, Defendants cited R.S. v. District of Columbia in its' Motion for Partial Dismissal but failed to read the opinion in its entirety, as it states the following:

> Mrs. W. v. Tirozzi, 832 F.2d 748, 751 (2d Cir. 1987) . . . states "[t]he new § 1415(f) [now § 1415(l)] states that the provisions of the EHA [the predecessor to the IDEA] do not provide the exclusive avenue for redress available to handicapped children. . . . [Section] 504 of the Rehabilitation Act of 1973 …may be used as [a remedy] to enforce EHA educational rights, subject to the Act's existing exhaustion requirements. . . ." Section 1415(l) provides in pertinent part: Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, …title V of the Rehabilitation Act of 1973 …or other Federal laws protecting the rights of children with disabilities. . . . Id. at 28.

Smith v. Robinson is no longer good law. Section 504 claims can be sustained concurrently with claims under the IDEA.

Furthermore, Defendants cite Consolidated Rail Corp. v. Darrone, 465 U.S. 624 (U.S. 1984), an employment discrimination case, as further proof of its position that Section 504 is limited in scope. This is a clear attempt to misapply the law, as Consolidated Rail Corp v. Darrone is completely irrelevant to the case at bar and does not

5

state anywhere in the opinion that Section 504 is limited to employment cases, nor does it even mention discriminatory claims related to the IDEA or any other area of education.

Defendants argue in the alternative if Section 504 is applicable that more than a "mere failure to provide the 'free and appropriate education' required by IDEA" is necessary to sustain a cause of action. Lunceford v. District of Columbia Bd. of Education, 241 U.S. App. D.C. 1, 745 F.2d 1577, 1580 (D.C. Cir. 1984). While this is true, Plaintiffs do not only contend that N.H. was denied a free and appropriate education. Plaintiffs also contend in their Complaint that N.H. was discriminated against because of his disability when he was suspended from school without appropriate interventions being put into place.

Finally, Defendants contention that bad faith or gross misjudgment are required for Section 504 violations was disapproved in Timms v. Metropolitan Sch. Dist., 722 F.2d 1310, 1318 (7th Cir. 1983). The court in Timms stated the following:

> [This position was] weakened by 29 U.S.C. § 794a(a)(2) (Supp. V 1981), which provides that the remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 apply to actions under section 504. Because section 601 of Title VI, whose language is very similar to that of section 504 . . . has been held not to require proof of intentional discrimination except as a basis for compensatory relief. . . . [T]hat standard may apply in claims under the Rehabilitation Act. . . .

Plaintiffs are entitled to sustain their Section 504 claim on the above basis. The Complaint was sufficient to state a cause of action; thus, the Defendants' Motion should be denied.

Defendants make a similar misapplication of the law, as it relates to ADA claims, by stating as they did relating to Section 504, that ADA claims are only for employment discrimination cases. This is an obvious inaccuracy that is evidenced by congressional

findings in the statute, which identifies education as an area in which discrimination persists. 42 U.S.C. § 12101(a)(3). Nothing in the statute limits its application to employment discrimination claims only.

Furthermore, recent cases have applied the ADA to claims of discrimination in the educational setting. See Moss v. Shelby County, 401 F. Supp. 2d 850 (D. Tenn. 2005) (denying motion by county, county school board, superintendent, principal, and teacher to dismiss claim under Americans with Disabilities Act). The court in Moss v. Shelby County held that because a School Board is a "public entity" as defined by 42 U.S.C. §12131, Shelby County has an "the obligation of modifying standard procedures when doing so is necessary to prevent discrimination against disabled individuals." Id. at 855.

The ADA applies in the case at bar. There is no indication either by statutory interpretation or case law that the ADA was met only to apply to employment discrimination cases. Because of this, Defendants' Motion should be denied.

### IV. The District of Columbia is a "person" under 42 U.S.C. § 1985 which can be held liable for conspiring to violate an individual's civil rights

Winder v. Erste, 2005 U.S. Dist. LEXIS 5190 (D.D.C. 2005) "held that. . . liability may attach by suing a municipal officer in his official capacity or by suing the State or local government, or a subdivision thereof, directly." (citing Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 691, 697-699 (1978)). Thompson v. New York, 487 F. Supp. 212, 228 (D.N.Y. 1979), states that "[m]unicipalities, their agencies, and employees . . . are now considered to be "person(s)" under Section 1983, Monell v. Dept. of Social Services, 436 U.S. 658, (U.S. 1978), and would also be "person(s)" under Section 1985(3)." Thus, Defendants have again misapplied the law.

Defendants claim that no cause of action can be sustained under 42 U.S.C. §1985 is unfounded, and Agnew v. City of Compton, 239 F.2d 226, 233 (9th Cir. 1956) does not apply. The District of Columbia may be sued under Section 1985.

### V.     Plaintiffs' Fifth Amendment claim is based on due process violations of IDEA

Defendants' characterization of Plaintiffs' Fifth Amendment claim is inaccurate. Plaintiffs' do not claim a Fifth Amendment violation based on the due process hearing held on April 25, 2007. Although Plaintiffs' do not concede agreement with and are challenging the findings of the due process hearing, the Fifth Amendment violations are relate to the IDEA violations. Plaintiffs' contend that N.H.'s due process rights were violated due to numerous procedural violations of IDEA, such as failure to complete the evaluation process, failure to develop and implement an appropriate IEP, and failure to follow IDEA procedures for the removal of students with known or suspected disability from the school setting.

### VI.    All named Defendants are properly identified and should not be dismissed from this case

The District of Columbia Public Schools, District of Columbia, and Mayor Adrian Fenty are proper Defendants for the case at bar. Dismissing any of these entities or individuals from this case would be tantamount to the court saying that the District of Columbia is not required to abide by federal law but is entitled to federal funding. Despite Defendants' contention regarding the *non sui juris* status of District of Columbia public schools, school systems may be held liable for violations of the IDEA.

"Any party aggrieved by the findings and decisions made... [in a due process hearing] has the right to bring a civil action with respect to the due process complaint...." 34 C.F.R. § 300.516 (2006). When filing a complaint for a violation of the IDEA, the complaint must include "[a] statement that a public agency has violated a

8

requirement of [IDEA]." 34 C.F.R. § 300.153(a)(1). Public agencies include state and local educational agencies, and local educational agencies include local boards of education. 34 C.F.R. §§ 300.28 and 300.33.

District of Columbia Public Schools is a local educational agency under the regulations, and are, therefore, subject to claims against it for violations of federal law. Mayor Adrian Fenty is charged with overseeing District of Columbia Schools. In that role, he is part and parcel of the School System. Thus, all named Defendants have rightfully been identified in this cause of action and should not be dismissed from this case.

### VII.   CONCLUSION

Plaintiffs respectfully move the Honorable Court to deny Defendants' Motion to Dismiss. It is well established law that courts will consider facts in pleadings as true and construe them most favorably to plaintiffs. Plaintiffs' Complaint was sufficient to sustain a cause of action.

In addition, Defendants have numerous errors in applying appropriate statutory and case law. Plaintiffs are entitled to sustain their Section 504 and ADA claims on the above basis. There is no indication either by statutory interpretation or case law that Section 504 or the ADA was met only to apply to employment discrimination cases.

Furthermore, for the stated reasons, Sections 1983 and 1985, as well as Fifth Amendment claims can be sustained. Finally, all Defendants to this case have been rightly identified and should not be dismissed from this case. For the reasons stated in this motion, Plaintiffs prays the Court find that Defendants' Motion should be denied.

Respectively Submitted,
Law offices of Olekanma A. Ekekwe, PC

                                                        */s/Olekanma Ekekwe*
                                          Olekanma Ekekwe, Esq.
                                          DC Bar No. 479967
                                          Law offices of Olekanma A. Ekekwe, PC
                                          1001 Pennsylvania Avenue NW, Suite 160600
                                          Washington, DC 20004
                                          (202) 742-6694(O)
                                          (1800) 524-2370(F)
                                          academy@olekanmalw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Darlene Hinson, mother <br> And next friend of the minor child, <br> NH <br> and <br><br> NH, minor child <br> 5121 Fitch Street SE <br> Washington, DC 20019 <br>          Plaintiffs <br><br><br><br> Merritt Educational Center <br> District of Columbia Public School <br><br> Government of the <br> District of Columbia <br> 441 4th Street NW <br> Washington, DC 20001 <br><br> And <br><br> Mayor Adrian Fenty <br> Office of the Secretary <br> Tabethea Braxton, designee <br> 1350 Pennsylvania Avenue, NW <br> Washington, DC 20004 <br>          Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> *CIVIL ACTION NO. 1:07 CV-00934 CKK <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

## **PROPOSED ORDER**

UPON consideration of the Defendants Motion for Partial Dismissal of Plaintiffifs' Complaint and the Opposition thereto, it is **CONSIDERED AND ORDERED** that:

Defendants Motion for Partial Dismissal of Plaintiffifs' Complaint is **DENIED**

**DONE** and **ORDERED** in Chambers this, _____ day of _____, 2007.

                                                  Hon. Collen Kollar-Kotelly

Conformed copies to:

Olekanma A. Ekekwe, Esquire, counsel for Plaintiff.

Maria Merkowitz, Esquire, counsel for Defendant