UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE HINSON et al., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 07-0934(CKK) |
| MERRIT EDUCATIONAL CENTER, et al., | : |
| Defendants. | : |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' "REPLY" TO DEFENDANTS' MOTION FOR PARTIAL DISMISSAL

Come now defendants, through counsel, and respond to plaintiffs' "Reply"[1] to defendants' Motion for Partial Dismissal as follows:

On May 21, 2007, plaintiffs filed the instant lawsuit against the Merritt Educational Center, the District of Columbia Public Schools, the District of Columbia, and Mayor Adrian Fenty. Plaintiffs bring the complaint, *inter alia,* pursuant to 42 U.S.C. Sections 1983 and 1985, Title II of the Americans with Disability Act ("ADA") 42 U.S.C. Sec.1231 *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C Sec. 701 *et seq*., the Fifth Amendment of Constitution of the United States, and the Individual with Disabilities Education Improvement Act of 2004, 20 U.S.C. Sec. 1400 *et. seq.* (Complaint par. 1)

On June 14, 2007, defendants filed a Motion for Partial Dismissal on the grounds that the Complaint failed to state a claim under 42 U.S.C. Sections 1983 and 1985, Section 504 of the Rehabilitation Act, the ADA, or the Fifth Amendment of the United

---

[1] The Court noted that plaintiffs' Reply is actually plaintiff's Opposition to defendant's motion.

States Constitution. Defendants also argued that Mayor Adrian Fenty should be dismissed as a defendant, as should the District of Columbia Public Schools.

Plaintiffs filed an opposition on July 5, 2007. The Statement of Facts contained in the opposition is a verbatim recital of plaintiffs' Complaint, paragraphs 4-24.

## ARGUMENT

### I. Plaintiffs Have Asserted No Facts to Sustain a Claim Under Section 1983

As can be seen, other than a bald assertion of Section 1983 as a basis for the Court's jurisdiction, there are no allegations in the Complaint with respect to any of the elements set forth in Walker v. District of Columbia, 157 F. Supp. 2d 11, (D.D.C. 2001), to establish a Section 1983 violation. This argument was fully briefed in defendants' motion, pp. 3-5, and is incorporated here by reference.

### II. Plaintiffs Fail to State a Claim Under Section 504 of the Rehabilitation Act or the Americans With Disabilities Act.

In their opposition, plaintiffs claim that defendants misapplied the law set forth in R.S. v. District of Columbia, 292 F. Supp. 2d 23 (D.D.C. 2003), when they argued that plaintiffs' Section 504 claim should be dismissed. (Opposition at 5) However, it is plaintiffs who are mistaken. Here, as in R.S., plaintiffs allege that defendants failed to provide the minor with a free appropriate public education ("FAPE"). However, the court in R.S. dismissed the plaintiffs' Section 504 claim for the same reason that this Court should dismiss the instant plaintiffs' claim: "[n]othing in the complaint suggests an allegation of bad faith or gross misjudgment" on the part of school officials. R.S., *supra,* at 28. Thus, here, as in R.S., "plaintiffs' failure to allege any facts that would tend to support a claim under Section 504 renders dismissal of this claim appropriate." . R.S., *supra,* at 28.

2

Plaintiffs also claim that defendants misapplied the law when they argued that their claims under the ADA should be dismissed. (Opposition at 6) Plaintiffs reference <u>Moss v. Shelby County,</u> 401 F. Supp. 2d 850 (D. Tenn. 2005) in support of their position that the ADA applies to the instant case. However, the facts in <u>Moss</u> are not at all similar to those here. <u>Moss</u> was not concerned with any alleged denial of FAPE, but rather with the fact, that a child suffering from asthma, was forced to perform a number of physical activities as punishment for not arriving at gym class with proper gym attire, and suffered an asthma attack as a result. The court in <u>Moss</u> concluded that the defendants violated the ADA because they had "the obligation of modifying standard procedures when doing so [was] necessary to prevent discrimination against disabled individuals." <u>Moss</u> at 855. The court reasoned that because defendants knew that the child suffered from asthma, they should not have required him to perform the same exercises as healthy children, but rather should have asked him to do something that would not have brought on an asthma attack. Had defendants done this, the student would not have been deprived of his schooling for the rest of the day. <u>Moss</u> at 856.

The instant case contains no allegation that the student was discriminated against because of any disability. Rather, the case is a straightforward appeal of an administrative hearing officer's ruling that the student had not been denied FAPE under the IDEIA. Accordingly, plaintiffs' claim under the ADA should be dismissed.

### III.     <u>A Municipality Acting in its Sovereign Governmental Capacity Cannot be a Conspirator.</u>

As previously stated in defendants' Motion for Partial Dismissal, and incorporated here by reference, the Complaint sets forth no allegations of conspiracy; not even the word "conspiracy" is mentioned. (Motion at 7) Therefore, on this ground alone

3

plaintiffs' claim pursuant to 42 U.S.C. 1985 should be dismissed. Further, the District of Columbia cannot be liable for a violation of Sec. 1985 because, as a matter of law, a municipality, acting in its sovereign governmental capacity, cannot be a conspirator. *Agnew v. City of Compton,* 239 F.2d 226, 233 (9th Cir. 1956), *cert denied,* 353 U.S. 959 (1957). Accordingly, any claims under 42 U.S.C. Sec. 1985 must be dismissed.

### IV.     The Fifth Amendment of the United States Constitution is Inapplicable to the Instant Case.

Plaintiffs contend that their due process rights were violated because defendants allegedly failed to complete the student's evaluation process, failed to develop and implement an appropriate individualized education plan ("IEP") for the student, and failed to follow IDEIA procedures for the removal of students with a known or suspected disability from the school setting. (Opposition at 8) Plaintiffs do not deny that they participated in a due process hearing on these very issues. On the contrary, it is the findings made at the due process hearing that are being contested. (Opposition at 8) Thus, while plaintiffs may not agree with the hearing officer's decision, they were not denied due process of law.

### V.     Mayor Fenty, the Merritt Educational Center, and the District of Columbia Public Schools Should Be Dismissed.

As previously stated in defendants' Motion for Partial Dismissal, Mayor Fenty should be dismissed from this case because there are no allegations of wrongdoing on his part in the body of the Complaint. (Motion at 8) Further DCPS and the Merritt Educational Center, a District of Columbia public school should be dismissed because they are *non sui juris.*

4

## **CONCLUSION**

For the reasons stated above, and in defendants' Motion for Partial Dismissal, Plaintiffs' claims seeking relief pursuant to 42 U.S.C. Sections 1983 and 1985, Title II of the Americans with Disability Act, 42 U.S.C. 1231 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. Sec. 701 et seq., and the Fifth Amendment of the Constitution of the United States, must be dismissed because plaintiffs have failed to make allegations sufficient to establish a prima facie case.  Mayor Fenty should be dismissed as a defendant because the Complaint contains no allegations of wrongdoing on his part, and defendants DCPS and Merritt Educational Center must be dismissed as *non sui juris*.

>Respectfully submitted,
>
>LINDA SINGER
>Attorney General for the District of Columbia
>
>GEORGE C. VALENTINE
>Deputy Attorney General, Civil Litigation Division
>
>/s/ Edward P. Taptich
>EDWARD P. TAPTICH [012914]
>Chief, Equity, Section 2
>
>/s/ Maria L. Merkowitz
>MARIA L. MERKOWITZ [312967]
>Senior Litigation Counsel
>441 4th Street, N.W.
>Sixth Floor South
>Washington, DC 20001
>(202) 442-9842
>E-mail – maria.merkowitz@dc.gov

July 12, 2007