UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARLENE HINSON, as mother and next
friend of N.H., a minor child

    Plaintiff,

      v.

MERRITT EDUCATIONAL CENTER, *et
al.*

    Defendants.

Civil Action No. 07-934 (CKK)

**MEMORANDUM OPINION**
(November 13, 2007)

Plaintiff Darlene Hinson brings this action behalf of her minor son, N.H., pursuant to the

Individuals with Disabilities Education Act, ("IDEA"), 20 U.S.C. § 1400 *et. seq.*, as well as 42

U.S.C. §§ 1983 and 1985, Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42

U.S.C. § 12131 *et seq.*,[1] Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*,

and the Fifth Amendment to the Constitution of the United States.  Compl. ¶ 1.  Plaintiffs name

as Defendants to this action the District of Columbia, Merritt Educational Center, a public school

in the District of Columbia, and District of Columbia Mayor Adrian Fenty (collectively

"Defendants").  Defendants have moved for partial dismissal of Plaintiffs' Complaint pursuant to

Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs fail to state a claim under section

1983, section 1985, the Rehabilitation Act, the ADA, or the Fifth Amendment, and similarly fail

to state a claim against any Defendant other than the District of Columbia.  Upon a searching

---

[1] Plaintiffs' Complaint erroneously states that this action is brought pursuant to the ADA, 42 U.S.C. § 1231 *et seq.*  Compl. ¶ 1.  There does not appear to be any such section of chapter 42 of the United States Code.

review of the Complaint, the filings in connection with Defendants' Motion for Partial Dismissal, and the relevant statutes and caselaw, the Court shall grant Defendants' Motion for Partial Dismissal. As a result, the Court shall dismiss Mayor Fenty and Merritt Educational Center as Defendants in this action, and shall dismiss Plaintiffs' claims pursuant to Section 1983, Section 1985, the Rehabilitation Act, the ADA, and the Fifth Amendment.

## I: BACKGROUND

The IDEA provides that all children with disabilities will be provided a free and appropriate public education ("FAPE"), and provides for procedural safeguards to ensure that disabled children receive individualized education programs ("IEP") to fulfill the Act's goals. The Complaint in this action asserts that "N.H. is a twelve-year-old boy, special education with the classification of multiple disabilities in the area of other health impaired and emotional disturbed." Compl. ¶ 7.[2]  N.H. is enrolled at Merritt Educational Center, a public school in the District of Columbia. *Id.* ¶¶ 4, 8. Plaintiffs allege that N.H. has not received FAPE since the 2005-2006 school year. According to Plaintiffs, in November 2003, the parties reached a settlement wherein District of Columbia Public Schools ("DCPS") agreed to comprehensively reevaluate N.H., to develop an IEP for N.H., to issue a notice of placement, and to provide compensatory services for the period of time in which N.H. was not provided FAPE. *Id.* ¶ 10. Plaintiffs further allege that DCPS did not complete the evaluation as required, and that as a result, Plaintiff Hinson obtained an independent evaluation of N.H., submitted the independent

---

[2] As the parties have not yet filed a copy of the Administrative Record in this action with the Court, this Memorandum Opinion is based on the allegations contained in Plaintiffs' Complaint. As discussed below, in the Order accompanying this Memorandum Opinion, the Court shall require the parties to file the Administrative Record with the Court.

evaluation to DCPS, and requested that DCPS convene a multidisciplinary team meeting.  *Id.* ¶¶ 11-12.  Plaintiffs appear to allege that "DCPS took 14 months from the settlement and 6 months from the date parent submitted evaluation before," developing an IEP for N.H.  *Id.* ¶ 13.[3] According to Plaintiffs, during that time, N.H. suffered several academic and behavioral difficulties and was hospitalized at a mental hospital.  *Id.* ¶¶ 14-15.  Plaintiffs further allege that while waiting for DCPS to develop an IEP, N.H. was "suspended several times or sent home without proper interventions."  *Id.* ¶ 16.

DCPS developed an IEP for N.H. on February 20, 2007, which Plaintiffs assert "was not tailored to meet NH's educational and related service needs," such that N.H. still does not have an appropriate IEP or placement.  *Id.* ¶¶ 17-18.  Plaintiffs allege that they filed a due process hearing request and were granted a due process hearing, but that the hearing officer denied the relief they sought.  *Id.* ¶ 23.  They therefore appeal the hearing officer's decision of April 25, 2007.  *Id.* ¶ 24.  Plaintiffs' Complaint includes three Counts, each of which asks the Court to determine that Defendants have denied N.H. FAPE in a particular way.  Specifically, Count I alleges that DCPS has failed to perform required evaluations and particularly failed to honor the terms of the 2003 settlement agreement, *id.* ¶¶ 25-30; Count II alleges that DCPS failed to develop an appropriate IEP for N.H. for the 2005-06 and 2006-07 school years and that his current IEP is not tailored to his needs, *id.* ¶¶ 31-34; and Count III alleges that DCPS failed to

---

[3] Paragraph 13 of Plaintiffs' Complaint alleges that "DCPS took 14 months from the settlement and 6 months from the date parent submitted evaluation before," but does not complete the sentence.  Compl. ¶ 13.  Based on the fact that the next paragraph of the Complaint refers to events that occurred "[w]hile waiting for DCPS to develop IEP," *id.* ¶ 14, the Court assumes Plaintiffs allege that DCPS did not develop an IEP for N.H. until fourteen months after the November 2003 settlement and six months after Plaintiff Hinson's submission of an independent evaluation to DCPS.

issue a notice of placement to an appropriate setting for the 2005-06 and 2006-07 school years, *id.* ¶¶ 35-38.

Based on these allegations, Plaintiffs ask the Court to require DCPS to revise N.H.'s IEP, *id.* ¶ 20; to "provide appropriate educational and related services to enable NH to become a productive member of the society," *id.* ¶ 21; to "issue a notice to an appropriate setting where NH'[s] multiple disability would be addressed," *id.* ¶ 22; to fund N.H.'s placement at Sunrise Academy or Cross Creek school, and to provide compensatory education services for the period of time in which N.H. was denied FAPE, *id.* at 4 (Wherefore clause). Defendants moved for partial dismissal of Plaintiffs' Complaint on June 14, 2007, Plaintiffs filed their Opposition on July 3, 2007, and Defendants filed their Reply on July 12, 2007.[4]

## II: LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957));[5] *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007)

---

[4] Plaintiffs titled their opposition to Defendants' Motion for Partial Dismissal as a "Reply"; as a result, Defendants titled their reply in support of their Motion for Partial Dismissal as a "Response." For ease of reference, the Court refers to those documents as Plaintiffs' Opposition and Defendants' Reply, respectively.

[5] In their Opposition, Plaintiffs assert that Defendants have too narrowly defined the standard of review for a motion to dismiss made pursuant to Rule12(b)(6), and assert that a "complaint should not be dismissed unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief." Pls' Opp'n at 2-3 (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the "no set of facts" language used in *Kowal* derives from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and was specifically abrogated

(per curiam); *see also* Fed R. Civ. P. 8(a)(2).  Although "detailed factual allegations" are not

necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of

"entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a

formulaic recitation of the elements of a cause of action."  *Id.* at 1964-65; *see also Papasan v.*

*Allain*, 478 U.S. 265, 286 (1986).  The complaint's "[f]actual allegations must be enough to raise

a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)."  *Bell Atl. Corp.*, 127 S. Ct. at 1965 (citations

omitted).

    In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must

construe the complaint in a light most favorable to the plaintiff and must accept as true all

reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine*

*Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also*

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally

construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be

derived from the facts alleged.").  While the court must construe the Complaint in the Plaintiff's

favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported

by the facts set out in the complaint."  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.

Cir. 1994).  Moreover, the court is not bound to accept the legal conclusions of the non-moving

---

by the Supreme Court in *Bell Atlantic Corp. v. Twombly*.  *See* 127 S. Ct. 1955, 1969-70 (2007)
("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard:
once a claim has been stated adequately, it may be supported by showing any set of facts
consistent with the allegations in the complaint. . . .  *Conley,* then, described the breadth of
opportunity to prove what an adequate complaint claims, not the minimum standard of adequate
pleading to govern a complaint's survival.").

party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III:  DISCUSSION

Defendants have moved to dismiss Plaintiffs' claims other than their IDEA claim, as well as to dismiss Merritt Educational Center and Mayor Fenty as Defendants in this action. The Court addresses each aspect of Plaintiffs' Motion for Partial Dismissal in turn.

A.    *Plaintiffs Fail to State a Claim Pursuant to Section 1983*

Pursuant to 42 U.S.C. § 1983, "[A]ny person who, under color of any law, statute, ordinance, regulation, custom, or usage of any State, shall subject or cause to be subjected, any person to the deprivation of any rights, privileges or immunities secured by the Constitution of the United states, shall . . . be liable to the party injured . . . ." 42 U.S.C. § 1983. The Supreme Court has held that this language evidences congressional intent to permit municipal liability under specific circumstances:

Local governing bodies, therefore, can be sued directly under § 1983 for

> monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decisionmaking channels.

*Monell v. Dep't of Social Svcs.*, 436 U.S. 658, 690-91 (1978) (internal footnotes omitted). *See also Pembaur v. Cincinnati*, 475 U.S. 469, 477-78 (1986).

Indeed, courts in this District have concluded that "IDEA violations can be the predicate for a § 1983 claim based on those statutory violations." *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002); *R.S. v. District of Columbia*, 292 F. Supp. 2d 23, 28 (D.D.C. 2003). In considering such claims, however, courts have applied a four-part test, requiring plaintiffs to show: (1) that the defendant violated IDEA; (2) that "exceptional circumstances" exist, such that the defendant's conduct that caused the IDEA violation was persistently egregious and prevented or frustrated the plaintiff from securing equitable relief under the IDEA; (3) "that the District of Columbia has a custom or practice that is the moving force behind the alleged IDEA violations"; and (4) that the normal remedies offered under the IDEA, including compensatory education, are inadequate to compensate the plaintiff for the harm he or she allegedly suffered. *Walker v. District of Columbia*, 157 F. Supp. 2d. 11, 30 (D.D.C. 2001); *R.S.*, 292 F. Supp. 2d at 28. Alternatively, some courts have only considered the first and third factors of the *Walker* test. *See R.S.*, 292 F. Supp. 2d at 29 (citing *Johnson*, 190 F. Supp. 2d at 46-47, *Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000)).

Under either test, Plaintiffs' Complaint fails to make out a § 1983 claim.  Plaintiffs

clearly allege that Defendants denied N.H. FAPE by failing to perform required evaluations,

failing to develop appropriate IEPs, and failing to issue a notice of placement to an appropriate

setting.  Compl. ¶¶ 25-38.  However, Plaintiffs do not allege any exceptional circumstances or

demonstrate why the normal remedies offered under the IDEA are inadequate to compensate

N.H. for the harm he allegedly suffered.  Indeed, Plaintiffs do not even seek compensatory

damages–the relief typically sought in an action under § 1983.  *See Walker*, 157 F. Supp. 2d at 30

("Compensatory damages . . . are not available under the IDEA. . . a plaintiff seeking money

damages must bring a Section 1983 claim for damages to vindicate his or her rights under the

IDEA.").  Even more significantly, Plaintiffs' Complaint does not assert that Defendants' alleged

violations of the IDEA are the result of any municipal policy or custom.  Plaintiff correctly notes

that "the D.C. Circuit has not required a plaintiff to 'plead law or match facts to every element of

a legal theory.'"  *R.S.*, 292 F. Supp. 2d at 29 (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d

1111, 1115 (D.C. Cir. 2000)).  Nevertheless, Plaintiffs' Complaint must "include some factual

basis for the allegation of a municipal policy or custom."  *Atchinson v. District of Columbia*, 73

F.3d 418, 422 (D.C. Cir. 1996).

In their Opposition, Plaintiffs assert that their Complaint includes "facts that evidence a

custom of violating the IDEA by failing to properly conduct manifestation meetings or provide

appropriate interventions prior to suspending a student with a known or suspected disability."

Pls' Opp'n at 4.  This assertion does not accurately describe the allegations of Plaintiffs'

Complaint, and the Court notes that Plaintiffs have not offered to amend or moved to amend their

Complaint to include such allegations.  *See Belizan v. Hershon*, 434 F.3d 579, 582-83 (D.C. Cir.

8

2006) ("a request for leave [to amend] must be submitted in the form of a written motion."). In reality, Plaintiffs' Complaint alleges only that "[w]hile waiting for DCPS to develop [sic] appropriate IEP, NH has also been suspended several times or sent home without proper interventions." Compl. ¶ 16. This individualized allegation is a far cry from a suggestion of a pattern, policy, or custom on the part of the District of Columbia that "[a]lthough not authorized by written law. . . could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)). Plaintiffs' Complaint alleges only that N.H. was suspended or sent home without the requisite procedures, but not that it was a result of any municipal policy or practice. As such, the Court concludes that Plaintiffs fail to state a claim pursuant to 42 U.S.C. § 1983.

      B.     *Plaintiffs Fail to State a Claim Pursuant to Section 1985*

Plaintiffs similarly fail to state a claim pursuant to 42 U.S.C. § 1985(3), which prohibits conspiracies to interfere with the civil rights of individuals or classes of individuals.[6] In their Motion for Partial Dismissal, Defendants argue that the District of Columbia cannot be liable for a violation of section 1985 because "as a matter of law, a municipality acting in its sovereign governmental capacity cannot be a conspirator." Defs.' Mot. at 7-8 (citing *Agnew v. City of Compton*, 239 F.2d 226, 233 (9th Cir. 1956), *cert denied*, 353 U.S. 959 (1957)). Plaintiff disputes this assertion, *see* Pls' Opp'n at 7 (quoting *Thompson v. New York*, 487 F. Supp. 212,

---

[6] Although Plaintiffs' Complaint does not specify the subsection of § 1985 upon which they rely, in their Opposition Plaintiffs refer to § 1985(3). Pls' Opp'n at 7. Moreover, the Court notes that Plaintiffs could not possibly support a claim under § 1985(1) or (2), which refer to conspiracies to prevent an officer from performing his or her duties and conspiracies to obstruct justice by intimidating a party, witness, or juror, respectively. *See* 42 U.S.C. § 1985(1) and (2).

228 (N.D.N.Y. 1979)); however, the Court need not resolve the dispute because Plaintiffs'

Complaint suffers from a more fundamental deficiency.

Specifically, as the D.C. Circuit has stated, "section 1985 plaintiffs must allege the

elements of civil conspiracy, including: 'an agreement to take part in an unlawful action or a

lawful action in an unlawful manner.'" *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004)

(quoting *Hall v. Clinton*, 285 F.3d 74, 83 (D.C. Cir. 2002)).  Here, other than listing section 1985

in the first paragraph as one of the six statutory and constitutional grounds for the instant action,

*see* Compl. ¶ 1, Plaintiffs' Complaint includes absolutely no allegations whatsoever of any

conspiracy to interfere with N.H.'s civil rights.  Moreover, Plaintiffs do not address this

shortcoming in their Opposition.  As such, the Court concludes that Plaintiffs' Complaint fails to

state a claim pursuant to 42 U.S.C. § 1985(3).

C.     *Plaintiffs Fail to State a Claim Under Section 504 of the Rehabilitation Act*

As an additional grounds for the instant action, Plaintiffs point to Section 504 of the

Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, *see* Compl. ¶ 1; however, like their claim under

section 1985, the Complaint contains no specific allegations regarding Plaintiffs' Rehabilitation

Act claim.  Defendants assert that "[c]omplaints arising under IDEA that also assert jurisdiction

based upon the Rehabilitation Act should be summarily dismissed as a matter of law" because

the Rehabilitation Act is intended to bar employment discrimination and is thus inapplicable to

the instant action.  Defs.' Mot. at 5.   In addition, Defendants cite *Smith v. Robinson*, 468 U.S.

992 (1974), in which the Supreme Court found that the Education of the Handicapped Act

("EHA")–the predecessor to the IDEA–was the exclusive remedy for a handicapped child

seeking FAPE.  *Id.* at 1019.  However, the D.C. Circuit has recognized that Congress superseded

*Smith v. Robinson* by passing the Handicapped Children's Protection Act, now codified at 20 U.S.C. § 1415(l). *Abney v. District of Columbia*, 849 F.2d 1491, 1494 n.2 (D.C. Cir. 1988); *see also R.S.*, 292 F. Supp. 2d at 28 n.5.[7] Defendants are therefore incorrect in suggesting that the IDEA provides Plaintiffs' exclusive remedy, or that Plaintiffs cannot also pursue a claim under Section 504 of the Rehabilitation Act.

To state such a claim, however, "a plaintiff must show that he or she was discriminated against solely by reason of his or her handicap." *Walker*, 157 F. Supp. 2d at 35; *see also R.S.*, 292 F. Supp. 2d at 28. Furthermore, as the D.C. Circuit has noted in the context of children seeking benefits under the IDEA, "in order to show a violation of the Rehabilitation Act, something more than a more failure to provide [FAPE] must be shown." *Lunceford v. District of Columbia Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984) (quoting *Monahan v. Nebraska*, 687 F.2d 1164, 1170 (8th Cir. 1982)). Indeed, courts in this District have stated that "[e]ither bad faith or gross misjudgment should be shown before a § 504 violation can be made out" and that "[l]iability will not be imposed so long as the 'state officials involved have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals. *Walker*, 157 F. Supp. 2d at 35-36 (quoting *Monahan*, 687 F.2d at 1171); *see also R.S.*, 292 F. Supp. 2d at 28 (citing *Walker v. District of Columbia*, 969 F. Supp.

---

[7] 20 U.S.C. § 1415(l) provides in relevant part, "Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under . . . title V of the Rehabilitation Act of 1973 . . . except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures . . . of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter."

794, 797 (D.D.C. 1997)).[8]

In their Opposition, Plaintiffs assert that they "contend in their Complaint that N.H. was discriminated against because of his disability when he was suspended from school without appropriate interventions being put into place." Pls' Opp'n at 6. Again, however, the reality is that Plaintiff's Complaint alleges only that "[w]hile waiting for DCPS to develop appropriate IEP, NH has also been suspended several times or sent home without proper interventions." Compl. ¶ 16. This allegation contains no reference to N.H.'s disability, and certainly does not suggest that N.H. was treated differently on the basis of his disability when he was allegedly suspended or sent home without the requisite procedures. Moreover, Plaintiffs' Complaint is completely devoid of any allegation that could be construed as suggesting bad faith or gross misjudgment on the part of Defendants. Plaintiffs' Complaint thus fails to put Defendants on notice of a claim that N.H. was discriminated against solely by reason of his handicap, and therefore fails to state a claim under Section 504 of the Rehabilitation Act.

D.    *Plaintiffs Fail to State a Claim Pursuant to the ADA*

Plaintiffs' Complaint does not identify the provision of the ADA that they allege Defendants have violated and, as noted above, refers erroneously to a non-existent section of the United States Code, 42 U.S.C. § 1231, *et seq.* Compl. ¶ 1. Nevertheless, the Court assumes that Plaintiffs meant to assert a claim pursuant to 42 U.S.C. § 12132, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

--------

[8] Plaintiffs assert that the requirement of allegations of bad faith or gross misjudgment has been disapproved, citing *Timms v. Metropolitan School District*, 722 F.2d 1310, 1318 (7th Cir. 1983)). While Plaintiffs are correct that *Timms* questions the validity of such a requirement, the fact remains that courts in this District continue to apply it.

12

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  In turn, 42 U.S.C. § 12131 defines a public entity as, *inter alia*, "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131.

As they did in connection with Plaintiffs' Rehabilitation Act claim, Defendants argue that Plaintiffs' claim under the ADA must be dismissed because the ADA is concerned with employment discrimination.  Defs.' Mot. at 7.  However, Title II of the ADA is not concerned solely with discrimination in employment, but more generally encompasses discrimination by public entities.  *See* 42 U.S.C. § 12132.  Moreover, as the IDEA specifically provides that "[n]othing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the . . . Americans with Disabilities Act . . ." there is no basis for construing the IDEA as an exclusive remedy.  20 U.S.C. § 1415(l).  Nevertheless, Plaintiffs' claim pursuant to the ADA suffers from the same deficiency as their claim under the Rehabilitation Act.  Specifically, the ADA addresses discrimination "by reason of" a disability, 42 U.S.C. § 12132, and Plaintiffs' Complaint is devoid of allegations that N.H. was discriminated against on the basis of his disability.  The Court therefore concludes that Plaintiffs fail to state a claim under the ADA.

E.     *Plaintiffs Fail to State a Claim Pursuant to the Fifth Amendment*

Plaintiffs' Complaint states that this action is brought in part pursuant to the Fifth Amendment to the Constitution of the United States, without specifying the clause of the Fifth Amendment that Defendants allegedly violated.  Compl. ¶ 1.  Nevertheless, because Plaintiffs' allegations relate to the procedures provided for under the IDEA, the Court assumes that

Plaintiffs are pursuing a claim under the Due Process Clause of the Fifth Amendment, which provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Court further assumes that Plaintiffs' claim relates to procedural, rather than substantive, due process. Defendants make the same assumption in their Motion for Partial Dismissal, wherein they assert that Plaintiffs were not denied due process of law because they acknowledge that they requested a due process hearing, that one was held, and that a decision was issued in that hearing. Def.'s Mot. at 8 (citing Compl. ¶¶ 23-24). In contrast, Plaintiffs assert that their due process claim is not based on the due process hearing, but rather on Defendants' alleged violations of the IDEA, including their alleged "failure to follow IDEA procedures for the removal of students with known or suspected disabilit[ies] from the school setting." Pls.' Opp'n at 8. However, because Plaintiffs' Complaint contains no allegations specifically relating to their Fifth Amendment claim, their Fifth Amendment claim appears to be coextensive with their allegations that Defendants violated the IDEA. *See* Compl. ¶¶ 25-38.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 323 (1976). As such, "[f]or a plaintiff to survive a motion to dismiss under Rule 12(b)(6), he must allege, at a minimum, that he has been deprived of either a life, liberty, or property interest protected by the due process clause." *Save Our Schools-Southeast & Northeast v. District of Columbia Bd. of Educ.*, Civil Action No. 04-1500 (HHK), 2006 WL 1827654, *14 (D.D.C. Jul. 3, 2006) (citing *Mathews*, 424 U.S. at 333; *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-72 (1972)); *see also McCain v. United States*, Civil Action No. 06-1701, 2007 WL 1127883, *3

14

(D.D.C. Apr. 16, 2007). Neither Plaintiffs' Complaint nor their Opposition specifies any liberty or property interest of which N.H. was allegedly deprived or provides a basis for the Court to surmise precisely which liberty or property interest Plaintiffs believe is at issue.[9]

Moreover, Plaintiffs' Complaint does not allege facts which, if taken as true, would demonstrate that N.H. may have been deprived of procedural due process. Plaintiffs allege that Defendants have failed to comport with the requirements of the IDEA and that N.H. has been deprived of FAPE. However, as Defendants correctly note and Plaintiffs admit, Plaintiffs requested and obtained a due process hearing in this matter. Compl. ¶¶ 23-24. While the Court is not aware of the specific issues discussed at the due process hearing because the parties have not provided the Court with the Administrative Record in this matter, Plaintiffs do not suggest that they were prevented from raising any of Defendants' alleged IDEA violations at that hearing. Thus, Plaintiffs appear to have received the process due them under the IDEA with respect to their general claims of IDEA violations.

Plaintiffs' only allegation that might suggest a more specific due process violation is their claim that N.H. was suspended or sent home without the "proper interventions" while awaiting the revision of his IEP. Compl. ¶ 16. Indeed, in their Opposition, Plaintiffs assert that their Fifth Amendment claim is based in part on that allegation. Pls' Opp'n at 8. In particular, Plaintiffs note that the IDEA "sets forth specific guidelines related to the suspension of students with identified and suspected disabilities." *Id.* at 4 (citing 34 C.F.R. §§ 300.530 and 300.534). Plaintiffs are correct that these implementing regulations establish requirements relating to

---

[9] Although the Court may not consider factual allegations made in legal memoranda on a motion to dismiss pursuant to Rule 12(b)(6), the Court has reviewed Plaintiffs' Opposition in order to determine whether it clarifies Plaintiffs' legal theory for their Fifth Amendment claim.

disciplinary procedures for students with known or suspected disabilities. However, Plaintiffs'

citation to regulations alone does not state a claim for a due process violation. Neither Plaintiffs'

Complaint nor their Opposition identifies the procedures they claim N.H. was entitled to–but did

not–receive in connection with being suspended or sent home. Plaintiffs therefore fail to meet

even the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2). A complaint

need only contain "'a short and plain statement of the claim showing that the pleader is entitled

to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Bell Atl.*, 127 S. Ct. at 1964. However, Plaintiffs do not identify the clause of

the Fifth Amendment they allege was violated, the liberty or property interest at stake, or the

manner in which N.H. was deprived of such an interest. As such, the Court concludes that

Plaintiffs fail to state a claim under the Fifth Amendment.

> F.    *The Court Shall Dismiss Merritt Educational Center and Mayor Fenty As Defendants in This Action*

Finally, Defendants assert that Merritt Educational Center, DCPS, and Mayor Adrian

Fenty should be dismissed as Defendants to this action, arguing that the Complaint alleges no

wrongdoing on the part of Mayor Fenty and that DCPS and Merritt Educational Center are *non*

*sui juris*. Defs.' Mot. at 8-9. As an initial matter, the Court notes that DCPS is not actually

named as a Defendant in Plaintiffs' Complaint or listed as such on the docket for this case; rather

Plaintiffs' Complaint identifies Merritt Education Center as a District of Columbia Public

School. Plaintiffs' Opposition nevertheless argues that DCPS is a proper Defendant to this

action, without addressing Merritt Educational Center. *See* Pl.'s Opp'n at 8-9. The Court further

notes that, although Plaintiffs' Complaint names Merritt Educational Center and Mayor Fenty as

16

Defendants, the factual allegations of the Complaint assert only that "Defendant is a municipal corporation.  As one of its governmental functions, Defendant operates [DCPS].  DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA."  Compl. ¶ 6.  Notwithstanding Plaintiffs' lack of allegations concerning any Defendants other than the District of Columbia, their Opposition maintains that DCPS and Mayor Fenty are properly named as Defendants along with the District of Columbia.

As support for this proposition, Plaintiffs rely upon the IDEA's implementing regulations, which indicate that local boards of education are considered local educational agencies under the IDEA.  *See* Pls' Opp'n at 8-9 (citing 34 C.F.R. §§ 300.28 and 300.33).  That a local board of education may be subject to the provisions of the IDEA, however, does not make DCPS a suable entity.  A subordinate governmental entity created by Congress may be sued in the absence of a specific statutory provision to that effect or an implicit authorization where the entity is the offspring of a suable entity.  *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952); *Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 26 (D.D.C. 1999).  Accordingly, a number of courts addressing this very issue have concluded that DCPS is not a suable entity under the D.C. Code.  *See Winder v. Erste*, Civil Action No. 03-2723 (JDB), 2005 WL 736639, *4 (D.D.C. Mar. 31, 2005); *Kelley v. Morris*, 400 A.2d 1045, 1047 (D.C. 1979) (D.C. Code § 31-101a, now codified at § 38-101, vests control of the public schools in a Board of Education, which is itself not a suable entity); *Tschanneral v. District of Columbia Bd. of Educ.*, 594 F. Supp. 407, 408 (D.D.C. 1984) (dismissing Board of Education as defendant pursuant to *Kelley*); *Parker v. District of Columbia*, 588 F. Supp. 518, 522 (D.D.C. 1983) (same).  Moreover, for the same reason that DCPS is *non sui juris*, Merritt Educational Center–a part of DCPS–is likewise not a suable

17

entity.

With respect to Mayor Fenty, the Court assumes that he is sued in his official capacity because the Complaint contains no allegations whatsoever of actions on his part. As such, the suit is effectively one against the District of Columbia. *See Atchinson*, 73 F.3d at 424 ("When sued in their official capacities, government officials are not personally liable for damages. A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself.") (citations omitted). Plaintiff does not address this reality, but rather asserts that Mayor Fenty is charged with overseeing DCPS, and that dismissing Mayor Fenty "from this case would be tantamount to the court saying that the District of Columbia is not required to abide by federal law but is entitled to federal funding." Pls' Opp'n at 8-9. This statement is, of course, pure hyperbole because the Court's dismissal of Mayor Fenty and Merritt Educational Center as Defendants in this action will still leave the District of Columbia as a Defendant. In the event that the District of Columbia has, in fact, violated the IDEA, Plaintiffs can pursue all appropriate remedies against the District of Columbia. Accordingly, the Court shall dismiss Merritt Educational Center and Mayor Adrian Fenty as Defendants in this action.

G.      *Proceeding In This Action*

As Defendants have not moved to dismiss either Plaintiffs' claim pursuant to the IDEA or the District of Columbia as a Defendant, this action shall continue against the District of Columbia pursuant to the IDEA. The Court notes that the parties have not yet filed a copy of the Administrative Record in this action, and that the District of Columbia has not filed an Answer to Plaintiffs' IDEA claim, notwithstanding the fact that Defendants did not move to dismiss that

18

claim and that their time to answer has long since passed.  Accordingly, in the Order

accompanying this Memorandum Opinion, the Court shall require the District of Columbia to file

an Answer to Plaintiffs' IDEA claim, and shall require the parties to file a copy of the

Administrative Record, as well as to file a Status Report with the Court proposing a briefing

schedule for Plaintiffs' IDEA claim.

## IV:  CONCLUSION

For the foregoing reasons, the Court shall grant Defendants' Motion for Partial Dismissal.

Specifically, the Court finds that Plaintiffs have failed to state claims pursuant to 42 U.S.C. §

1983, 42 U.S.C. § 1985, Section 504 of the Rehabilitation Act, the ADA, and the Fifth

Amendment to the Constitution of the United States, and shall dismiss those claims as well as

Defendants Merritt Educational Center and Mayor Adrian Fenty.

Date:   November 13, 2007

                     _/s/_____
                     COLLEEN KOLLAR-KOTELLY
                     United States District Judge