```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA
_____
                                )
Darlene Hinson, mother and next )
friend of minor child NH.,      )
a minor child                   )
                                )
        Plaintiff,              )
                                )Civil Action No.07-934
        v.                      )     (CKK)
                                )
District of Columbia,           )
                                )
        Defendant.              )
_____  )
```

DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1. Defendant admits the existence of the statutory authorities alluded to in paragraph 1, but denies that relief is necessarily authorized or proper solely by reason thereof.

2. Defendant admits the existence of the statutory authorities alluded to in paragraph numbered 2, but denies that jurisdiction is necessarily conferred on the court solely thereby.

3. Defendant admits the existence of the statutory authorities alluded to in paragraph 3, but denies that

relief is necessarily authorized or proper solely by reason thereof.

    4-5. Defendant admits the allegations contained in paragraphs numbered 4 through 5.

    6. Defendant admits the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 6 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

    7. The allegations contained in paragraph numbered 7 are denied.

    8. Defendant admits the allegations contained in paragraph numbered 8.

    9. The allegations contained in paragraph numbered 9 are denied.

    10. The allegations contained in paragraph numbered 10 are a characterization of a November 2003 settlement agreement(SA). The November 2003 SA speaks for itself.

    11. The allegations contained in paragraph numbered 11 are denied.

    12-13. Defendant cannot respond to the allegations contained in paragraphs numbered 12 through 13 as they are unintelligible. If a response is required, the allegations are denied.

14-16. Defendant is without sufficient information to respond to the allegations contained in paragraphs numbered 14 through 16 at this time.

17-19. The allegations contained in paragraphs numbered 17 through 19 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

20-22. Paragraphs numbered 20 through 22 contain the wishes expressed by plaintiff, to which no response is required. If a response is required, then the same are denied.

23-24. Defendant admits the allegations contained in paragraphs numbered 23 through 24.

25. Defendant incorporates by reference its answers to paragraphs numbered 1 through 24.

26-29. The allegations contained in paragraphs numbered 26 through 29 are denied.

30. Paragraph numbered 30 contains the wishes expressed by plaintiff, to which no response is required. If a response is required, then the same are denied.

31. Defendant incorporates by reference its answers to paragraphs numbered 1 through 30.

32-33. The allegations contained in paragraphs

numbered 32 through 33 are conclusions of law and/or fact of the pleader, to which no response is required. If a response is required, then the same are denied.

34. Paragraph numbered 34 contains the wishes expressed by plaintiff, to which no response is required. If a response is required, then the same are denied.

35. Defendant incorporates by reference its answers to paragraphs numbered 1 through 34.

36-37. The allegations contained in paragraphs numbered 36 through 37 are denied.

38. Paragraph numbered 38 contains the wishes expressed by plaintiff, to which no response is required. If a response is required, then the same are denied.

Further answering the complaint, defendant denies all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

## FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on all pertinent issues.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's complaint is barred by the applicable statute of limitations or laches.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The Hearing Officer's Decision was well reasoned and appropriate.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff's right to attorney fees and costs is strictly limited.

Respectfully submitted,

LINDA SINGER,
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

<u>/s/ Edward P. Taptich</u>
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2

<u> /s/ Maria Merkowitz</u>
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email–maria.merkowitz@dc.gov

November 14, 2007

5