UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE HINSON, as mother and next friend of N.H., a minor child<br><br>    Plaintiff,<br><br>    v.<br><br>DISTRICT OF COLUMBIA<br><br>    Defendant. | Civil Action No. 07-934 (CKK) |

**ORDER**
(March 10, 2008)

On February 4, 2008, Plaintiff filed her [15] Motion for Summary Judgment in this matter. On March 3, 2008, Defendant filed its [16] Opposition to Plaintiff's Motion and Cross-Motion for Summary Judgment, along with an accompanying Statement of Undisputed Material Facts. As Defendant's Opposition and Cross-Motion correctly notes, Plaintiff's Motion for Summary Judgment fails to comply with Local Civil Rules 7(h) and 56.1, to which this Court strictly adheres. In light of Plaintiff's failure to comply with the Local Civil Rules, the Court shall strike Plaintiff's Motion for Summary Judgment and shall require Plaintiff to refile her Motion in adherence to the Local Rules. *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996); *Burke v. Gould*, 286 F.3d 513, 519 (D.C. Cir. 2002). The Court shall allow Defendant the opportunity to revise its Opposition and Cross-Motion, if necessary as a result. The Court shall retain the remainder of the briefing schedule in this action, and stresses that the parties must comply with the Local Civil Rules in all future filings.

The District Court for the District of Columbia has supplemented Federal Rule of Civil Procedure 56 with LCvR 56.1, which requires that each party submitting a motion for summary judgment attach a statement of material facts to which that party contends there is no genuine issue, with specific citations to those portions of the record upon which the party relies in fashioning the statement.[1]  The party opposing such a motion must, in turn, submit a statement of genuine issues enumerating all material facts which the party contends are at issue and thus require litigation.  *See* LCvR 56.1.  Where the opposing party fails to discharge this obligation, a court may take all facts alleged by the movant as admitted.  LCvR 56.1.  As the District of Columbia Circuit has emphasized, "[LCvR 56.1] places the burden on the parties and their counsel, who are most familiar with the litigation and the record, to crystallize for the district court the material facts and relevant portions of the record."  *Jackson*, 101 F.3d at 151 (citing *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992)).  Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 56.1.  *See id.* at 150 (citations omitted).

---

[1] The Rule provides, in relevant part:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . .  In determining a motion for summary judgment, *the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion*.

LCvR 56.1 (formerly known as Local Rule 108(h) (emphasis added).

Here, Plaintiff has not provided a separate statement of material facts in support of her Motion for Summary Judgment, but rather includes only a section of her memorandum entitled "Undisputed Fact." That section contains a variety of conclusory allegations–such as "NH has not received appropriate services since 2005/2006 school years to present"–but no record citations in support of those sweeping allegations. As such, Plaintiff has failed to comply with her obligations under Local Civil Rules 7(h) and 56.1.

Accordingly, it is this 10th day of March, 2008, hereby

**ORDERED** that [15] Plaintiff's Motion for Summary Judgment shall be stricken; it is further

**ORDERED** that, on or before March 18, 2008, Plaintiff shall file a revised Motion for Summary Judgment, including a properly prepared Statement of Material Facts Not In Dispute. Plaintiff's Statement of Material Facts Not in Dispute shall set forth in separately numbered paragraphs those facts (as opposed to allegations or legal argument) as to which Plaintiff contends there is no dispute. Plaintiff shall support each factual assertion with a specific citation to the relevant portion of the Administrative Record, providing precise pincites within the Administrative Record; it is further

**ORDERED** that, on or before March 25, 2008, Defendant shall respond to each paragraph of Plaintiff's Statement with a correspondingly numbered paragraph, indicating whether that paragraph is admitted or denied. Defendant should include any information relevant to its response in that paragraph and must furnish precise citations to the portions of the record on which it relies. If Defendant deems it necessary to revise its Opposition and Cross-Motion for Summary Judgment in light of Plaintiff's revision, it shall also file a revised Opposition and Cross-Motion on or before March 25, 2008. If Defendant concludes no revision to its Opposition

and Cross-Motion is necessary, it need only file a response to Plaintiff's Statement of Material Facts and advise the Court that it does not need to revise its own Opposition and Cross-Motion for Summary Judgment; it is further

**ORDERED** that, on or before April 4, 2008, Plaintiff shall file her Reply in support of her Motion for Summary Judgment and Opposition to Defendant's Cross-Motion. Plaintiff shall specifically respond to each paragraph in Defendant's Statement of Material Facts with a correspondingly numbered paragraph indicating whether that paragraph is admitted or denied. Plaintiff shall include any information relevant to her response in that paragraph and must furnish precise citations to the portions of the record on which she relies. Rather than simply treat the facts alleged by Defendant as conceded, the Court is allowing Plaintiff an opportunity to properly comply with her obligations pursuant to Local Civil Rules 7(h) and 56.1. However, as Plaintiff is at fault for failing to comply initially (and received Defendant's Opposition and Cross-Motion on March 3, 2008), the Court will not grant Plaintiff any extensions; it is further

**ORDERED** that Defendant shall file its Reply in support of its Cross-Motion for Summary Judgment on May 4, 2008.

**SO ORDERED.**

                                          _/s/_
                                          COLLEEN KOLLAR-KOTELLY
                                          United States District Judge