IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE HINSON et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 07-0934(CKK) |
| v. ) | |
| ) | Judge: Hon. Colleen Kollar- |
| ) | Kotelly |
| **MERRIT EDUCATIONAL CENTER,** ) | |
| et al. ) | |
| ) | |
| **Defendants.** ) | |

## MOTION FOR SUMMARY JUDGMENT

Plaintiffs, through Counsel, respectfully move this Honorable Court to grant a Summary Judgment in favor of Plaintiffs. Plaintiffs present that Defendants failed to provide free appropriate public education that is uniquely tailored to meet Plaintiff's individual needs. And that Defendant failed to provide appropriate placement for NH. Defendants' failure to provide free appropriate public education to NH caused Plaintiff NH to suffer irreparable harm for which compensatory education award is an appropriate remedy. A memorandum of points and authorities and proposed order is attached.

Wherefore, Plaintiffs pray the Honorable Court to grant this payer for Summary Judgment in favor of Plaintiffs.

Respectfully submitted,
Law Offices of Olekanma A. Ekekwe, PC

   /s/___Olekanma A. Ekekwe_____
Olekanma A. Ekekwe Bar # 479967
1001 Pennsylvania Avenue NW
Suite 600
Washington DC 20004
202 742-6694 (ph)

1 800 524-2370 (fax)

**CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing motion for summary judgment, memorandum of points and authorities and proposed order was served on March 18, 2008 to defendants electronically through court's electronic service to:

Marie Markowitz, Esq.
Attorney for Defendants
Office of the Attorney General for the District of Columbia
441 4th St., NW Washington, DC 20001

                                            /s/___Olekanma A. Ekekwe_____
                                            Olekanma A. Ekekwe Bar # 479967

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DARLENE HINSON et al.,)<br>)<br>**Plaintiff,** )<br>)<br>V. )<br>)<br>)<br>MERRITT EDUCATIONAL CENTER, )<br>  Et al. )<br>)<br>**Defendants.** ) | Civil Action No. 07-0934(CKK)<br><br>Judge: Hon. Colleen Collar-Kotelly |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 56.1, Plaintiffs, through Counsel, respectfully move this Honorable Court to grant a Summary Judgment in favor of Plaintiffs. Plaintiffs present that Defendants failed to provide free appropriate public education that is uniquely tailored to meet Plaintiff, NH's individual educational and related services needs. Defendants' failure to provide free appropriate public education to NH caused Plaintiff, NH to suffer irreparable harm for which compensatory education award is an appropriate remedy.

**UNDISPUTED FACT**

1. NH is a thirteen-year-old boy, special education student (R at 3).

2. NH was diagnosed with ADHD, learning disability, and mood and conduct disorder in 2005 and 2006 (R at 58 -83).

3. NH's achievement testing results was not commensurate with his cognitive abilities, thus providing an indication of a learning disability. (R at 53, 198)

4. NH is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. (R at 53).

5. NH needs socio-emotional therapy three times a week and family therapy two times a week. (R at 69).

1

6. NH has multiple disabilities classification in the area of other health impaired, learning disabled and emotional disturbed. (R at 3, 69, 80, 81, 90, 97).

7. NH's deficits in expressive and receptive language impacts NH's ability to access the general curriculum. (R at 112)

8. NH requires a smaller structure environment to accommodate his disability. (R at 118).

9. NH needs clinical evaluations. (R at 90).

10. NH would benefit from intervention using intensive one-one instruction and small groups in an environment suitable for a child who has learning issues completed by emotional issues.(R at 90).

11. In the IEP NH is classified as other health impaired. (R at 111).

12. NH is enrolled Merritt Educational center. (R at 135, 141, 146).

13. In 2006 and 2007, NH was suspended several times. (R. at 9 - 25, 97, 136).

14. Merritt refused NH access to the school and on occasions charged NH with trespassing. (R at 3, 150, 169, 193).

15. Merritt is an open space school. (R at 19-20,188).

16. Merritt developed and IEP for NH on January 23, 2007. (R at 111).

17. In the IEP NH is to receive 30 minutes of socio-emotional therapy a week. (R at 110, 111).

18. NH is a seventh grade student reading at a fourth grade and doing math at third grade level. (R at 92)

19. NH disability impacts his ability to available for instruction. (R at 112).

20. Merritt stated NH has not received services because he has not been available. (R at 199-200).

21. NH has F on all of his classes. (R at

22. Defendant developed IEP that provides services in a general education setting sixty percent of the time. (R at 111-123)

23. During an MDT meeting when the defendant finally decide to provide some services, teachers refused to have NH's plan modify to allow him to be pulled for services. (R at 45).

24. Defendant suspends NH from school every other week. (R at 190).

25. NH is involved with the juvenile system because of suspension incidents (R. at 191-192).

26. Due process hearing request was lodge on February 8, 2007. (R at 145)

27. Due process hearing was held on March 6, 2007 and April 12, 2007. (R. at 8, 10, 163).

28. The hearing officer concluded that student was unavailable for obtaining educational benefit; that DCPS developed appropriate IEP and provided appropriate placement. (R at 5)

## ARGUMENT

### A. The Standards of Review Applicable in This Case
### 1. The requirements for summary judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Material facts are those "that might affect the outcome of the suit under the governing law." Farmland Industries, Inc. v. Grain Board of Iraq, 248 U.S. App. D.C. 276, 904 F. 2d 732, 735 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986))

In this case there is no dispute that NH is a child with disabilities. There is no dispute that NH was diagnosed with ADHD, learning disability, and mood and conduct disorder in 2005 and 2006 (R at 58 -83). There is no dispute that NH's achievement testing results was not commensurate with his cognitive abilities, thus providing an indication of a learning disability. (R at 4, 53). Additionally, there is no dispute that NH is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. ( R at 53). Furthermore, there is no dispute that NH requires a smaller structure environment to accommodate his disability. (R at 118). And that Merritt is an open space school. (R at 19-20,188).

Given the service and setting that NH needs to make academic progress, defendant placement of NH in an open space environment is not tailored to meet NH's educational and related services needs. Hence, Defendant denied NH free appropriate

public education. A summary judgment in NH's favor would be appropriate in this instance.

## II.  DEFENDANTS FAILED TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

Plaintiffs request that this Honorable Court grant the relief sought in this motion for summary judgment. Defendants failed to provide free appropriate public education to plaintiff, NH. Defendant failure to provide appropriate services caused Plaintiff, NH to suffer irreparable harm.

NH is a thirteen-year-old boy, special education student (R at 3). NH was diagnosed with ADHD, learning disability, and mood and conduct disorder in 2005 and 2006 (R at 58 -83). In 2006 and 2007, NH was suspended several times. (R. at 9 - 25, 97, 136,). Merritt developed and IEP for NH on January 23, 2007. (R at 111).

20 U.S.C.A § 1412(a) (1) (A) provides that "free appropriate pubic education is available to all children with disabilities residing in the state..."

Moreover, 5 D.C.M.R. § 3002.1 of the local regulation go a step further stating that:

    (a)   The LEA shall make a free appropriate public education (FAPE) available to each child with a disability, ages three to twenty-two, who resides in, or is a ward of the District.

    (b)   A child with disability found by the LEA to be eligible for a special education and related services shall remain eligible through the end of the semester he or she turns twenty-two.

Plaintiff NH is a seventh grader who is performing at third grade. (R at 92). NH has F in all of his classes (R at  ). Defendant's failure to identify and find NH eligible for service until January 23, 2008 is a denial of free appropriate public education that caused irreparable harm to Plaintiff, NH.

**Wherefore**, Plaintiffs pray the Honorable Court to grant this motion for summary judgment and find that Defendants failed to provide free appropriate public education to NH.

4

### III. DEFENDANTS DENIED PLAINTIFFS FREE APPROPRIATE PUBLIC EDUCATION WHEN DEFENDANTS DID NOT PROVIDE APPROPRIATE SERVICES TO PLAINTIFF, NH

20 U.S.C.S § 1400(d)(1)(A), provides that "the purpose of the title is to ensure that all children with disabilities have available to them free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent living."

Defendant violated the provision of 20 U.S.C.S § 1400(d) because defendant failed to provide services that is tailored to meet NH's unique needs.

NH is a thirteen-year-old boy, special education student (R at 3). NH was diagnosed with ADHD, learning disability, and mood and conduct disorder in 2005 and 2006 (R at 58 -83). NH's achievement testing results was not commensurate with his cognitive abilities, thus providing an indication of a learning disability. (R at 53). NH is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis. (R at 53). NH needs socio-emotional therapy three times a week; and family therapy two times a week. (R at 69).

Merritt developed and IEP for NH on January 23, 2007. (R at 111). In the IEP developed January 23, 2007, NH is to receive 30 minutes of socio-emotional therapy a week. (R at 110 - 111). NH is to receive fifteen hour of specialized instructions. (R at 111).

Although, it is undisputed, that NH's deficits in expressive and receptive language impacts NH's ability to access the general curriculum. (R at 112). Defendant drafted an IEP that only provides NH with 30 minutes of speech and language services. (R.111-120). and Defendant developed IEP that provides services in a general education setting sixty percent of the time. (R at 111-123). During an MDT meeting when the school finally decides to provide some services, teachers refused to have NH's plan modify to allow him to be pulled for services. (R at 45). Hence, appropriate services were not provided to NH.

20 U.S.C.S § 1414(d) (II) (aa), provides that the Individual Educational Plan should include academic and functional goals designed to "meet the child's needs that results from the child's disabilities……"

NH is a seventh grade student reading at a fourth grade and doing math at third grade level. (R at 92). NH's disability impacts his ability to available for instruction. (R at 112). Yet, Merritt stated that the reason NH has not received services is because he has not been available. (R at 199-200). NH has F in all of his classes (R at  ). Defendant has failed to provide appropriate services and plan to meet NH's needs. Defendant has denied NH free appropriate public education.

**Wherefore**, Plaintiffs pray the Honorable Court to grant this motion for summary judgment and find that Defendants failed to provide free appropriate public education to NH.

### IV. DEFENDANTS DENIED PLAINTIFFS FREE APPROPRIATE PUBLIC EDUCATION WHEN DEFENDANTS DID NOT PROVIDE APPROPRIATE PLACEMENT TO PLAINTIFF, NH

In <u>Capistrano Unified Sch. Dist. V. Wartenberg y & through Wartenberg,</u> (1995 CA7 III) 41 F3d 1162,  the Court held that "although children with disabilities should be mainstreamed in classes with non-disabled peers to maximum extent appropriate, mainstreaming is neither required or appropriate where it results in total failure and where separate teaching would produce superior results."

In this case, the placement provided by Defendant resulted in total failure. NH requires a smaller structure environment to accommodate his disability. (R at 118). However, Defendant provided open space school, with services to be provided in a mainstream setting - combination of general education and resource room. (R at 118) In 2006 and 2007, NH was suspended several times. (R. at 19 - 25, 97, 136, 169). Defendant claims that they are not able to provide services to NH because he is not available. (R. at 199-200).

Additionally, during an MDT meeting when the school finally decides to provide some services, teachers refused to have NH's plan modify to allow him to be pulled for services. (R at 45). The teacher's unwillingness to allow NH to be pulled for services

shows that NH was in a setting where accommodation where not being made for his disabilities.

Moreover, Defendant suspends NH from school every other week. (R at 190).

NH is involved with the juvenile system because of suspension incidents (R. at 191-192). Hence, the placement provided by Defendant is not appropriate for NH.

**Wherefore**, Plaintiffs pray the Honorable Court to grant this motion for summary judgment and find that Defendants failed to provide free appropriate public education to NH.

## IV. CONCLUSION

Defendant violated the provision of 20 U.S.C.S § 1400(d) because defendant failed to provide services that is tailored to meet NH's unique needs. Additionally, Defendant provided placement that resulted in total failure. Defendant failed to provide free appropriate public education.

WHEREFORE, Plaintiffs pray the Honorable Court to grant Plaintiffs' Motion for Summary Judgment and find that Defendants failed to provide free appropriate public education.

Plaintiffs pray the Court should Order DCPS to fund NH placement at Cross Creek academy.

Plaintiffs pray the Court should award compensatory education for two years.

Plaintiffs pray the Court to issue an Order awarding court cost, attorneys' fees and cost to Plaintiffs.

Plaintiffs pray the Court to Grant such other and further relief, as this Honorable Court deems proper in the interest of justice.

Respectfully submitted,
Law Offices of Olekanma A. Ekekwe, PC

　/s/　Olekanma A. Ekekwe　　　　
Olekanma A. Ekekwe Bar # 479967
1001 Pennsylvania Avenue NW
Suite 600
Washington DC 20004
202 742-6694 (ph)
1 800 524-2370 (fax)

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE HINSON et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action No. 07-0934(CKK)** |
| v. ) | |
| ) | **Judge: Hon. Colleen Kollar-** |
| ) | **Kotelly** |
| **MERRIT EDUCATIONAL CENTER,** ) | |
| **et al.** ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED ORDER**

UPON consideration of Plaintiffs' Motion for summary Judgment, the opposition thereto, good cause been shown, it is **CONSIDERED AND ORDERED** that:

Plaintiffs' motion for summary Judgment is **GRANTED**

**DONE and ORDERED** in Chambers this, _____ day of _____, 2007.

_____
Hon. Collen Kollar-Kotelly

Conformed copies to:

Olekanma A. Ekekwe, Esquire, counsel for Plaintiff, 1001 Pennsylvania Avenue, NW Suite 600 Washington, DC 20004

Maria L. Merkowitz, counsel for Defendant, 441 4th Street, N.W. 6th Floor South Washington, DC 20001