UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DARLENE HINSON**, as mother and next friend of N.H., a minor child<br><br>**Plaintiff,**<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>: Civ. No. 07-0934(CKK)<br>:<br>:<br>:<br>: |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
STATEMENT OF MATERIAL FACTS[1]**

1. Defendant admits material fact numbered 1.

2. Defendant disputes material fact numbered 2 in that it states that NH was diagnosed with "learning disability, and mood and conduct disorder in 2005 and 2006." A Neuropsychological Evaluation conducted on July 27, 2006, found that NH's tests "reveal Average intellectual abilities." (R at 53) The Evaluation also references the student's "behavioral problems" but there is no reference in the record to mood and conducts disorders. (R at 1 – 201) At the multidisciplinary team ("MDT") meeting held on January 23, 2007, the team concluded that the student was eligible to receive special education services as a student with "OHI" (other health impaired). (R at106)

3. Defendant admits that a Neuropsychological Evaluation conducted on July 27, 2006, stated that NH's "achievement testing was not commensurate with his cognitive abilities, thus providing an indication of the presence of a learning disability." (R at 53)

---

[1] On March 10, 2008, this honorable Court ordered plaintiff to file a revised Motion for Summary Judgment, including a properly prepared Statement of Material Facts Not In Dispute. The Court further ordered defendant to respond to plaintiff's Statement of material facts and, if defendant deemed it necessary to revise its previously filed Opposition and Cross Motion, to file a revised Opposition and Cross Motion. At this time defendant concludes that no revision to its Opposition and Cross Motion is necessary.

4.     Defendant admits that a Neuropsychological Evaluation conducted on July 27, 2006, stated that "NH is a student with significant behavioral problems that impact his overall ability to function and cope on a consistent basis". (R at 53)

5.     Defendant disputes material fact numbered 5. In October 2005, an <u>Initial Psychiatric Evaluation</u> of NH noted NH's Initial Treatment Plan to require Individual therapy, three times a week, and Family Therapy, twice a week. (R at 69). At a December 5, 2006, MDT meeting the parent informed the team that NH refused to continue counseling and that she, the parent, stopped NH's medication. (R at 131) At a DCPS multidisciplinary team ("MDT") meeting, held on January 23, 2007, DCPS determined that the student's earlier independent evaluations were outdated and no longer valid. (R at 108) At the time of the January 23, 2007, MDT/IEP meeting the student was not participating in individual or family counseling. (R at 121)

6.     Defendant disputes material fact numbered 6. DCPS found NH eligible for special education "as a student with OHI-other health impaired," the only "classification" made by DCPS. (R at 110) A July 27, 2006, Psychoeducational Evaluation of NH found that he was "functioning in the Average Range of intelligence as evidence by his Full Scale IQ Score of (92) on the WISC IV." (R at 90) NH has been found previously to be ineligible for special education services. (R at 123)

7.     Defendant admits paragraph 7 of plaintiff's statement of undisputed facts.

8.     Defendant admits that NH's individualized education plan ("IEP") stated as a reason for NH'S removal out of a regular education classroom the student's need for a smaller structured environment to accommodate his disability. (R at 118)

9. Defendant disputes material fact numbered 9. The student's most recent IEP, dated January 23, 2007, does not indicate the need for any clinical evaluations. Nor do any of the MDT/IEP notes reflect that any evaluations were requested by either the parent or the attorney. (R at 108-123)

10. Defendant disputes material fact numbered 10 as unintelligible. To the extent plaintiff is stating definitively that the student needs intensive one-on-one instruction and small groups, defendant disputes this fact. A Neuropsychological Evaluation conducted on July 27, 2006, recommended a clinical evaluation of the student. Pending the results of a clinical evaluation, the Neuropsychological Evaluation stated that the student "<u>may</u>" benefit from educational interventions using one-on-one instruction and small groups. (R at 90)

11. Defendant admits paragraph 11 of plaintiff's statement of undisputed facts.

12. Defendant admits paragraph 12 of plaintiff's statement of undisputed facts.

13. Defendant admits paragraph 13 of plaintiff's statement of undisputed facts.

14. Defendant disputes material fact numbered 14. The record reflects that the student was suspended from Merritt EC on December 14, 2006, January 8, 2007, (R at 19-28) and in March/April 2007. (TR at 25-26) There is no evidence in the record that the student was charged with trespassing. (R at 1 – 201)

15. Defendant admits paragraph 15 of plaintiff's statement of undisputed facts.

16.     Defendant admits paragraph 16 of plaintiff's statement of undisputed facts.

17.     Defendant disputes material fact numbered 17.  NH's January 23, 2007, IEP states that he is to receive 15 hours per week of specialized instruction, 30 minutes per week of speech therapy, and 30 minutes per week of psychological counseling.  (R a 111)

18.     Defendant disputes material fact numbered 18.  A Psychoeducational Evaluation of the student performed on July 27, 2006, indicates a score of 102 – grade equivalent 5.0 -- in word reading and a score of 121 in reading comprehension – grade equivalent 5.8 -- in reading comprehension.  (R at 92)  The evaluation also indicated that the student had a score of 42 – grade equivalent 5.2 -- in math reasoning.  (R at 92)  The student's January 23, 2007, IEP indicates that NH is only one year behind in math skills.  (R at 112)

19.     Defendant disputes material fact numbered 19 as unintelligible.  To the extent that plaintiff avers that the student's disability impacts his ability to receive instruction, the record indicates that the student's voluntary absences from school,  his refusal to complete homework assignments, and his refusal to take prescribed medication, impact on his ability to receive benefit from the proffered instruction.  (R at 109)

20.     Defendant disputes material fact numbered 20.  While the student was absent from school for approximately 45 days from October 2006 through January 2007, (R at 109) the record does not reflect that Merritt EC stated that the student had not received services.  (R at 1-201)

21. Defendant disputes material fact numbered 21 as a conclusion of plaintiff's attorney with no reference to the record.

22. Defendant disputes material fact numbered 22. The student's January 23, 2007, IEP states that the student will spend between 21% and 60% of his time in specialized instruction and related services. (R at 107, 111, 123)

23. Defendant disputes material fact numbered 23 as unintelligible.

24. Defendant disputes material fact numbered 24. The student was suspended on December 14, 2006, on January 8, 2007, (R at 19-28) and in March/April 2007. (TR at 25-26) The parent recalls the student being suspended only twice between the time of the IEP meeting – January 23, 2007—and the date of due process hearing – April 12, 2007. (TR at 23)

25. Defendant disputes material fact numbered 25. NH is involved with the juvenile system because he allegedly hit a security guard. (TR at 32)

26. Defendant admits paragraph 26 of plaintiff's statement of undisputed facts.

27. Defendant admits paragraph 27 of plaintiff's statement of undisputed facts.

28. Defendant admits paragraph 28 of plaintiff's statement of undisputed facts.

        Respectfully submitted,

        PETER NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2


/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.
Sixth Floor South
Washington, DC 20001
(202) 442-9842
E-mail – maria.merkowitz@dc.gov


March 24, 2008